# Caldwell *v.* Caldwell.

### *Assumpsit.*

(Decided May 28, 1912.   59 South. 711.)

*Tenancy in Common; Foreclosure Sale; Rents and Profits.*— Where the legal title obtained by a defendant through a foreclosure sale was held to belong to the co-heirs subject to the condition that within a reasonable time they pay or assume contemporaneously, or as a condition precedent, a proportionate share of the debt for which the land was sold, as a basis for a demand for a conveyance of the legal title, the rents and profits arising from the land, in the absence of a severance or demand and compliance with the conditions, inured to the holder of the legal title.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by E. H. Caldwell against the Tennessee Valley Bank with the suggestion that D. K. Caldwell claimed title to the money sued for. Judgment for plaintiff and D. K. Caldwell appeals. Reversed and remanded.

See also same case, 2 Ala. App. 664; 56 South. 1030.

LAWRENCE E. BROWN, for appellant. This case should be reversed on the authority of *Caldwell v. Caldwell,* 55 South. 515, as it was there decreed that while the defendant had the legal title, it was subject to divestiture under certain conditions, which conditions have not yet been complied with. The rents and profits arising therefrom inure to the holder of the legal title.

S. S. PLEASANTS, for appellee. When Caldwell be-
came the claimant he asserted his own right and title,
and could not defend on the title of the original defend-
er.—*Johnson v. Maxie*, 43 Ala. 521; *Nelson v. Gorie*, 34
Ala. 565. The Supreme Court declared in the case of
*Caldwell v. Caldwell*, 55 South. 515, that the legal title
inured to all the heirs, and hence, they were entitled to
recover a part of the rents and profits.

PELHAM, J.—One Hamlin Caldwell died, owning
lands subject to certain mortgages given by him, and
leaving as his heirs at law, among others, D. K. Cald-
well, the appellant, and E. H. Caldwell, the appellee.
After the death of Hamlin Caldwell, the lands in ques-
tion were partitioned among the heirs at law, and
through this distribution the parcel of land or place
known as the "tanyard lot" fell to the appellee and he
entered into possession. Thereafter the mortgages, sub-
ject to which the parties held, were foreclosed, and at
the foreclosure sale one A. H. Moody became the pur-
chaser and thereafter conveyed to the appellant.

It was contended that prior to the foreclosure sale the
heirs at law of Hamlin Caldwell, including the parties
to this action, entered ino a verbal agreement under the
terms of which Moody should become the purchaser of
the lands at the foreclosure sale, with the understand-
ing and agreement that the heirs within a certain pe-
riod should be allowed to redeem; that the appellant,
D. K. Caldwell, procured Moody to buy in the lands at
the sale and thereafter to convey them to him, D. K.
Caldwell, to the exclusion of his co-heirs. Based on this
contention certain of the heirs at law of Hamlin Cald-
well filed a bill in chancery against D. K. Caldwell, and
the litigation growing out of this suit was determined
by the Supreme Court in the case of *Caldwell v. Cald-*

*well,* 173 Ala. 216. 55 South. 515, wherein it was held that the co-heirs of D. K. Caldwell had the right within a reasonable time to demand of him that such purchase by him inure to their benefit; they paying or assuming contemporaneously, or as a condition precedent, their proportionate share of the debt.

During the pendency of this litigation between the heirs above referred to, the appellee, E. H. Caldwell, was in possession of the piece or parcel of land known as the "tanyard lot" and proposed and undertook to rent it; but, the title being in dispute as between E. H. Caldwell and D. K. Caldwell, it was agreed between them that the tenant who rented or leased the property should deposit the installments of rent as it became due in the Tennessee Valley Bank, the same to be delivered or paid to the successful party in the litigation. After the final determination of the suit by the Supreme Court, E H. Caldwell sued the bailee bank to recover the rent money held by it, and by appropriate statutory proceedings (Code, § 6050), the bank deposited the money in court and D. K. Caldwell became a party to the suit as claimant of the fund. There was a judgment for the plaintiff, E. H. Caldwell, from which the substituted defendant, D. K. Caldwell, prosecutes this appeal.

It does not appear that E. H. Caldwell, the appellee, has ever made demand that the purchase of D. K. Caldwell, the appellant, from Moody inure to his benefit, or that he has paid or agreed to pay or assume his proportionate share of the debt, or that this rent has ever been severed from the reversion. By the deed from Moody, D. K. Caldwell took the legal title to the land. By operation of law the rent follows the reversion; i. e., the title, unless severed. It appearing that the legal title to the land from the user of which the rent arose

[King, et al. v. Robinson.]

passed into D. K. Caldwell before the maturity of the rent, that it has not been divested out of him by the exercise of any equitable right E. H. Caldwell may have had, and that the rent had not been severed, it follows that D. K. Caldwell in this action was entitled to the affirmative charge requested in his behalf, and that its refusal by the trial court is error. Let the case be reversed and remanded.

Reversd and remanded.

WALKER, P. J., not sitting.